IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY JOYNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.  06-3062 |
| ) | |
| DONALD N. SNYDER, ) | |
|   Former Director, IDOC, ) | |
| STEVEN C. BRYANT, Warden of ) | |
|   Graham Correctional Ctr., IDOC, ) | |
| KENNETH CRIPE, Correctional ) | |
|   Officer/Food Supervisor, IDOC, ) | |
| all individually and in their ) | |
| Official Capacities, ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Donald N. Snyder, Steven C. Bryant, and Kenneth Cripe's Motion to Dismiss (d/e 12). The Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the Defendants' Motion to Dismiss is ALLOWED, in part, and DENIED, in part.

Plaintiff Jerry Joyner has filed a Complaint (d/e 1) alleging violations

of 42 U.S.C. § 1983 based on injuries resulting from deprivations of his First, Eighth and Fourteenth Amendment rights. The facts as set forth in Plaintiff's Complaint are as follows.[1] Plaintiff Jerry Joyner is an individual residing in Decatur, Macon County, Illinois. Plaintiff is an African-American male and is homosexual. From approximately July 1999 to July 2002, Plaintiff was incarcerated at Graham Correctional Center in Hillsboro, Illinois. At all relevant times, the Defendants were employed at the Illinois Department of Corrections (IDOC). Defendant Snyder was a former Director of IDOC. Defendant Bryant is the Warden of Graham Correctional Center. Defendant Cripe was employed as food supervisor in the dietary unit at Graham Correctional Center.

---

[1] The Court notes that Plaintiff indicates in his Complaint that this action is a refiling of the same lawsuit that was previously filed in this Court, Case No. 02-CV-3053 (the First Action), and was dismissed without prejudice on motion of the Plaintiff. The First Action was filed on February 21, 2002, while Plaintiff was still incarcerated. In the First Action, after Judge Harold Baker denied the defendants' motion for summary judgment and set the case for trial, Plaintiff moved to voluntarily dismiss the case without prejudice. Judge Baker accordingly dismissed the First Action without prejudice on March 23, 2005. The Court has reviewed Plaintiff's Complaint filed in this case and the Complaint filed in the First Action. The two Complaints are essentially similar except for the facts that: (1) Plaintiff's Complaint in the First Action alleged claims against additional Defendants: Fenton, Compton, and Maroney; (2) Plaintiff's Complaint in the First Action was more detailed; (3) Plaintiff's Complaint in the First Action, filed pursuant to 42 U.S.C. § 1983, alleged that Plaintiff's Eighth and Fourteenth Amendment rights were violated, whereas in the instant case, Plaintiff additionally alleges that his First Amendment rights were violated.

Plaintiff Joyner was required to be on a low sodium diet, but Defendant Cripe, on several occasions, denied Plaintiff his special diet tray by stating, "we don't feed homosexuals here." Complaint, ¶ 10. Additionally, Defendant Cripe referred to Plaintiff as "faggott" [sic], "big fat bitch", "queer ass", and "black queer." Id., ¶ 9. As a result of mistreatment from Defendant Cripe, Plaintiff filed four grievances against Defendant Cripe on the following dates: April 23, 2001, December 16, 2001, January 9, 2002, and March 11, 2002.

On January 9, 2002, Defendant Cripe threatened Plaintiff that he would be placed in segregation, transferred to another facility, and/or his cell would be subjected to "shakedowns." In either late 2001 or the early part of 2002, Plaintiff's cell was subjected to an improper shakedown at the request of Defendant Cripe. In response, Plaintiff repeatedly complained of Defendant Cripe's conduct to Defendants Snyder and Bryant and requested that they take action to stop the harassment. Nothing was done, however. Plaintiff was released from prison in July 2002. Since his release, Plaintiff has received two threats of bodily harm from Defendant Cripe, through intermediaries who were instructed to convey such threats to Plaintiff.

Plaintiff complains that he has suffered physical illness due to emotional and mental distress resulting from the Defendants' conduct. Plaintiff seeks nominal, compensatory, and punitive damages. On August 7, 2006, Defendants filed a Motion to Dismiss the Plaintiff's Complaint.

ANALYSIS

The Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint should not be dismissed, under Rule 12(b)(6), for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). The plaintiff is required only to provide a short and plain statement of his claim "'that will give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). Indeed, the complaint need not plead facts, but must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. For

4

the reasons stated below, Defendants' Motion to Dismiss is ALLOWED, in part, and DENIED, in part.

Defendants move to dismiss Plaintiff's claims on the ground that derogatory comments alone are not sufficient to violate the Constitution. In the alternative, Defendants argue that they are entitled to qualified immunity.

A.   Defendant Cripe

Plaintiff asserts that he was harassed and discriminated against on account of his sexual orientation. "[D]iscrimination on the basis of sexual orientation is subject to rational basis review." Nabozny v. Podlesny, 92 F.3d 446, 458 (7th Cir. 1996). And, "[i]n the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws[,]" although it can be relevant as evidence of discriminatory animus. DeWalt v. Carter, 224 F.3d 607, 612, 612 n.3 (7th Cir. 2000) (internal citations omitted). Therefore,

to the extent that Plaintiff alleges that his constitutional rights were violated simply because Defendant Cripe harassed him with derogatory comments regarding his homosexuality, the Court finds that those allegations are not enough to state a viable claim upon which relief can be granted. Defendants' Motion to Dismiss on this basis is allowed.

The Complaint, however, does not simply allege that Defendant Cripe verbally harassed Plaintiff because of his sexual orientation. The Complaint additionally alleges that Defendant Cripe, on more than one occasion, denied Plaintiff his low sodium diet tray and instructed others to perform an improper shakedown of Plaintiff's cell because of his sexual orientation. In this context, Defendant Cripe's verbal harassment of Plaintiff is relevant as evidence of discriminatory animus, which is "an essential element of any equal protection claim." DeWalt, 224 F.3d at 612 n. 3. In drawing all inferences at this stage in the light most favorable to Plaintiff Joyner, the Court finds that the Complaint sets forth enough allegations to establish an equal protection violation. See id. at 618. Plaintiff's allegation that he was harassed and discriminated against in these ways because of his sexual orientation is sufficient to state a claim on which relief can be granted.

Similarly, the Court finds that Plaintiff states a First Amendment retaliation claim. "[O]therwise permissible conduct can become impermissible when done for retaliatory reasons." Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (citing Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988)); see Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996) ("retaliation against constitutionally protected conduct is actionable regardless of whether the defendant's actions independently violate the constitution."). As such, "a prison official may not retaliate against a prisoner because that prisoner filed a grievance [or a lawsuit]." DeWalt, 224 F.3d at 618; Babcock, 102 F.3d at 275; see Johnson v. Stovall, 233 F.3d 486, 489 (7th Cir. 2000). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" Zimmerman, 226 F.3d at 573 (quoting Cain, 857 F.2d at 1143 n. 6).

Plaintiff alleges that, in response to Defendant Cripe's harassing and discriminatory conduct, he filed grievances against Defendant Cripe on April 23, 2001, December 16, 2001, January 9, 2002, and March 11, 2002. Plaintiff further alleges that, specifically on January 9, 2002, Defendant Cripe threatened Plaintiff that he would be placed in segregation, subjected

7

to shakedowns of his cell, and/or transferred to another facility. The Complaint does not state whether the January 9, 2002, grievance was filed in response to this alleged threat from Defendant Cripe, or before this alleged threat from Defendant Cripe took place. The Complaint further asserts that, in late 2001 or the early part of 2002, an improper shakedown of Plaintiff's cell was performed at the request of Defendant Cripe. Plaintiff filed a lawsuit in this Court on February 21, 2002. Plaintiff alleges that, in retaliation for filing this lawsuit, Plaintiff received two threats of bodily harm from Defendant Cripe, through intermediaries, following his release from prison in July 2002. This is the chronology set forth in Plaintiff's Complaint. See Zimmerman, 226 F.3d at 573. Plaintiff's Complaint "states enough factual allegations to arguably present a colorable claim of retaliation and it alleges that the exercise of his right was closely followed by the retaliatory act." Id. at 574 (citing Harris v. Fleming, 839 F.2d 1232, 1238 (7th Cir. 1988)).

B.   Defendants Bryant and Snyder

Defendants argue that Plaintiff's allegation that Defendants Bryant and Snyder failed to intervene and stop Defendant Cripe's actions against Plaintiff fails to state a claim for which relief can be granted because Cripe's

derogatory comments did not constitute a constitutional violation. In light of the above discussion, Defendants' argument lacks merit. Defendants' Motion to Dismiss on this basis is denied.

C.   Qualified Immunity

   1.   Defendant Cripe

In the alternative, Defendants argue that even if Plaintiff states claims for various constitutional violations under § 1983, he is barred from suing them by the doctrine of qualified immunity. "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The Supreme Court directs that a federal court considering a defense of qualified immunity must follow a two-step analysis. First, the court must rule on "this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." Saucier

9

v. Katz, 533 U.S. 194, 201 (2001). As discussed supra, Plaintiff has sufficiently stated claims against the Defendants for violation of his First and Fourteenth Amendment rights.

The second step of the analysis then, "is to ask whether the right was clearly established." Id. A right is clearly established if "it would be clear to a reasonable officer that [his] conduct was unlawful in the situation he confronted." Id. at 202. It was clear during the relevant time period at issue that "[i]n the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May, 226 F.3d at 882; Nabozny, 92 F.3d at 458. Moreover, well before the events at issue here, "[t]he federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of . . . the right to be free from retaliation for exercising [a constitutionally protected] right." Babcock, 102 F.3d at 276; DeWalt, 224 F.3d at 618-19; Zimmerman, 226 F.3d at 573. Here, Plaintiff has alleged sufficient facts in his Complaint to show that Defendant Cripe discriminated against him on account of his sexual orientation and that Defendant Cripe retaliated against Plaintiff for exercising his constitutionally protected right to complain. Defendant Cripe

is not entitled to qualified immunity.

    2.   <u>Defendants Bryant and Snyder</u>

Defendants Bryant and Snyder are similarly not entitled to qualified immunity. Well before the events at issue here, the Seventh Circuit has held that a defendant may be personally responsible if the "[conduct] occurred with his knowledge[,]" even though the defendant did not directly participate in the deprivation of a constitutional right. "However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of section 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." <u>Rascon v. Hardiman</u>, 803 F.2d 269, 274 (7th Cir. 1986) (citing <u>Smith v. Rowe</u>, 761 F.2d 360 (7th Cir. 1985) and <u>Duncan v. Duckworth</u>, 644 F.2d 653, 655 (7th Cir. 1981)). <u>Sanville v. McCaughtry</u>, 266 F.3d 724, 740 (7th Cir. 2001) (citing <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 652 (7th Cir. 2001)); <u>Maltby v. Winston</u>, 36 F.3d 548, 559 (7th Cir. 1994). Here, Plaintiff alleges in his Complaint that he repeatedly complained of Defendant Cripe's conduct to Defendants Snyder and Bryant and requested that they take

action to stop the harassment. Plaintiff alleges that Snyder and Bryant took no action to stop the harassment. At this stage, the allegations in the Complaint are sufficient to state a claim against Defendants Bryant and Snyder. Defendants Bryant and Snyder are not entitled to qualified immunity. Defendants' Motion to Dismiss on this basis is denied.

The Court notes that Defendants do not move to dismiss Plaintiff's Eighth Amendment claim. The Court therefore does not address whether Plaintiff sufficiently states a claim for violation of his Eighth Amendment right.

THEREFORE, Defendants' Motion to Dismiss (d/e 12) is ALLOWED, in part, and DENIED, in part. Plaintiff's claim that his constitutional rights were violated simply on the grounds that Defendant Cripe made derogatory comments regarding Plaintiff's homosexuality is dismissed. The Motion is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER: January 31, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE