IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERRY JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3062 |
| | ) | |
| DONALD SNYDER, | ) | |
| STEVEN C. BRYANT, and | ) | |
| KENNETH CRIPE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Motion for Summary Judgment (d/e 20).  Defendants seek partial summary judgment in favor of Defendants Donald Snyder and Steven C. Bryant.  For the reasons stated below, the Defendants' Motion is allowed.

## FACTS

Plaintiff Jerry Joyner is an African-American homosexual man who was incarcerated at the State of Illinois' Graham Correctional Center (Graham) from 1999 to 2002.  Defendant Kenneth Cripe supervised the preparation and service of inmate meals at Graham while Joyner was an inmate.  Bryant

served as the Graham Warden at this time, and Snyder was the Director of the Illinois Department of Corrections.

On March 22, 2006, Joyner filed the instant Complaint (d/e 1) alleging violations of 42 U.S.C. § 1983 based on deprivations of his First, Eighth, and Fourteenth Amendment rights. Joyner alleges that Cripe regularly made derogatory comments to him regarding his sexual orientation and refused to provide him low-sodium diet trays of food. Joyner asserts that he filed internal Graham grievances against Cripe in April and December of 2001 and in January and March of 2002; in retaliation, Cripe threatened to have him placed in segregation, transferred to another facility, or subjected to "shakedowns" of his cell. According to Joyner, in early 2002, a prison officer performed a "shakedown" of his cell at Cripe's request.

The parties agree that on at least two occasions, Joyner asked Bryant to intervene with Cripe and stop Cripe's harassing behavior.[1] Joyner told Bryant he was afraid to go to the dining room because of Cripe's harassment. In approximately December of 2001, Bryant ordered an inquiry into Joyner's complaints against Cripe. A Lieutenant James

---

[1] In his Memorandum of Law in Support of Plaintiff's Response to Motion for Summary Judgment (d/e 23), Joyner failed to dispute any of the Defendants' proposed undisputed material facts. Thus, the Court assumes that these facts are undisputed.

2

Brookshire interviewed Cripe, Joyner, and other inmates and concluded that there was insufficient evidence of staff misconduct. Several months later, in April of 2002, Lieutenant Brookshire conducted another internal affairs investigation after another inmate also alleged misconduct by Cripe. During the course of this investigation, Lieutenant Brookshire learned of new allegations that Cripe mistreated Joyner. Again, though, Lieutenant Brookshire concluded that the evidence against Cripe was insufficient, and he recommended that the investigation be closed.

Inmates unhappy with the Graham administration's handling of a grievance could request a review by the Illinois Department of Corrections' Administrative Review Board (ARB). The ARB reviewed inmate correspondence and grievance appeals for Snyder. After Lieutenant Brookshire concluded in December of 2001 that insufficient evidence existed in support of Joyner's April 2001, and December 2001, grievances, Joyner requested an ARB review of his April 2001, grievance. The ARB concluded that the Graham administration had handled the matter appropriately. Snyder never reviewed Joyner's grievance appeal himself; an administrative designee did so on his behalf. Joyner failed to appeal any additional grievances, and Cripe never received disciplinary action regarding

3

his alleged conduct toward Joyner.

On September 7, 2007, Defendants filed a Motion for Summary Judgment (d/e 20) and supporting Memorandum (d/e 21) requesting summary judgment in favor of Snyder and Bryant on the merits and on qualified immunity grounds.

ANALYSIS

I.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment must be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Herman v. Nat'l Broad. Co., 744 F.2d 604, 607 (7th Cir. 1984). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "Summary

judgment is appropriately entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" McKenzie v. Ill. Dept. of Transp., 92 F.3d 473, 479 (7th Cir. 1996) (quoting Celotex, 477 U.S. at 322). It is not a discretionary remedy; if the plaintiff lacks sufficient evidence, summary judgment must be granted. Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

To successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a "metaphysical doubt" as to the material facts. See Matsushita Elec. Indus. Co., 475 U.S. at 586. He must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" Id. at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. In determining whether a genuine issue exists, courts should construe all facts and reasonable inferences in the light most favorable to the non-moving party. Moser v. Ind. Dept. of Corr., 406 F.3d 895, 900 (7th Cir. 2005). Courts are "not required to draw every conceivable inference from the record. [They] need draw only reasonable ones." Tyler v. Runyon, 70 F.3d

5

458, 467 (7th Cir. 1995) (internal quotation marks omitted).

## II.    JOYNER'S CLAIMS

Joyner alleges that all three Defendants violated his First, Eighth, and Fourteenth Amendment rights. Joyner's First Amendment claim rests on the principle that when a prison official retaliates against a prisoner for filing a grievance, that official violates the First Amendment. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). Joyner's Eighth Amendment claim alleges that Defendants imposed cruel and unusual punishment by denying him humane conditions of confinement. Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. Wis. 2001). Finally, "[i]n the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000). Defendants argue that neither Snyder's nor Bryant's inaction violated any of the three Amendments and that both are entitled to qualified immunity. The Court finds that Joyner has failed to produce evidence giving rise to a factual issue on the question of liability on the part of Snyder and Bryant, making analysis of the qualified immunity arguments unnecessary.

To the extent Joyner attempts to assert claims against Synder and Bryant in their official capacities, his suit is an action against the state that is barred by the Eleventh Amendment.  See Shockley v. Jones, 823 F.2d 1068, 1070 (7th Cir. 1987) ("A suit for damages against a state official in his or her official capacity is a suit against the state for Eleventh Amendment purposes.").  Any claim against Synder or Bryant in their official capacities is dismissed for lack of subject matter jurisdiction.  Only individual liability is at issue here.

Individual liability under § 1983, no matter what the constitutional theory, must be based on personal responsibility.  Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984).  "An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."  Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986) (emphasis in original) (omitting internal quotation marks).  Snyder and Bryant may be individually liable if they: (1) participated directly in the alleged constitutional deprivations; (2) acted or failed to act with reckless disregard of Joyner's constitutional rights; or (3) directed the conduct that violated Joyner's constitutional rights or knew of it and consented to it.  Id. at 274; Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).  "Thus, it is

not sufficient for a section 1983 plaintiff to show that a supervisory official was remiss in supervising the implementation of policy in force in an institution. Rather, to establish a claim against a supervisory official, there must be a showing that the official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." Rascon, 803 F.2d at 273-74. Supervisors who are merely negligent -- even grossly negligent -- are not liable. Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 477 (7th Cir. 1997).

A.   Defendant Snyder

Joyner cannot establish that Snyder caused or participated in the constitutional violations at issue. There is no evidence establishing or even suggesting that Snyder personally participated in Cripe's alleged misconduct or directed or consented to Cripe's conduct. The only evidence of *any* involvement by Snyder is the ARB's consideration of Joyner's April 2001, grievance. In connection with that grievance, Joyner does not dispute that Snyder himself never reviewed the grievance appeal. Prison officials may delegate the duty of reviewing grievances. Thornton v. Snyder, 2006 WL 898136, at *2 (C.D. Ill. Apr. 4, 2006). Simply sending a prison director a grievance complaining of the actions or conduct of subordinates does not

establish the director's personal involvement. See Crowder, 687 F.2d at 1006; Volk v. Coler, 638 F.Supp. 1540, 1549 (C.D. Ill. 1986). At most, Joyner appears to be suggesting that Snyder was remiss in supervising the ARB's review of grievances, but even if he is right, Snyder would not be liable under § 1983. See Rascon, 803 F.2d at 273-74. Thus, no genuine issue of material fact exists, and Snyder is entitled to summary judgment.

B. Defendant Bryant

Bryant's involvement was greater than Snyder's, but again, Joyner cannot prove that Bryant caused or participated in the alleged constitutional deprivations. Joyner has offered no evidence that Bryant participated directly in Cripe's alleged threats, "shakedowns" of Joyner's cell, or withholding of Joyner's meal tray. Similarly, Joyner has offered no evidence that Bryant directed or consented to Cripe's alleged misconduct. In fact, the undisputed evidence demonstrates that Lieutenant Brookshire informed Bryant that the evidence failed to establish that Cripe even committed such misconduct.

Finally, Joyner also has offered no evidence that Bryant failed to act in reckless disregard of his rights. Quite the opposite; the evidence establishes that after Joyner complained to Bryant, Bryant ordered an

9

internal investigation of Cripe. The investigator concluded -- twice -- that the evidence did not support Joyner's allegations, and Joyner has offered no evidence suggesting that Bryant should have doubted Lieutenant Brookshire's conclusions. Thus, there is no basis for concluding that Bryant's reliance on his subordinate's assessment of Joyner's complaints constituted reckless disregard. See McCabe v. Washington, 1994 WL 30539, at *4 (N.D. Ill. Feb. 4, 1994) (holding that a warden's acceptance of a grievance hearing officer's finding without conducting his own independent investigation did not constitute reckless disregard). Bryant is entitled to summary judgment.

THEREFORE, Defendants' Motion for Summary Judgment (d/e 20) is ALLOWED. The Court grants summary judgment in favor of Defendants Snyder and Bryant; only the claims against Defendant Cripe remain.

IT IS THEREFORE SO ORDERED.

ENTER: November 2, 2007

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE