# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY L. JOYNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3062 |
| | ) |
| KENNETH CRIPE, | ) |
| | ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is set for trial on October 1, 2008. The parties have submitted their proposed jury instructions, including agreed instructions and contested instructions. See Proposed Jury Instructions by Jerry Joyner (d/e 45) (Plaintiff's Proffered Instructions); Proposed Jury Instructions by Kenneth Cripe (d/e 48) (agreed instructions); Proposed Jury Instructions by Kenneth Cripe (d/e 49) (Defendant's Proffered Instructions). The parties have also submitted memoranda of law relating to the contested instructions. See Plaintiff's Objections to Defendant's Proposed Jury Instructions (d/e 57); Defendant's Objections to Plaintiff's Proposed Jury Instructions (d/e 58). After carefully considering the case

file and the submissions of the parties, the Court allows and rejects the instructions as set forth below.

No objections have been made to the instructions proffered in docket entry 48, which are labeled as follows: Agreed Instructions 1 through 13, Agreed Instructions 16 through 21, and Defendant's Instructions 14 and 15. Agreed Instruction 2, taken from Seventh Circuit Pattern Instruction 1.02, is refused at this point, as the Court does not anticipate that it will be applicable. In the event that the Court asks a witness a question, the parties are granted leave to resubmit Agreed Instruction 2. Agreed Instruction 6 is refused because the Court's standard practice is to not allow the jury to take notes during trial. Agreed Instruction 21, a modified version of Seventh Circuit Pattern Instruction 7.23, is missing certain significant language on the second line relating to causation, apparently due to typographical error. Agreed Instruction 21 also erroneously includes a reference to defendants in the plural. The Court has revised Agreed Instruction 21, as Court's Instruction 1, to correct these mistakes. Thus, Agreed Instruction 21 is refused and Court's Instruction 1 will be given in its place. The remaining agreed instructions will be given as

submitted. The Court turns its attention to the proposed instructions that are contested.

Defendant objects to Plaintiff's Instruction 1 which is Seventh Circuit Pattern Instruction 1.14, dealing with prior inconsistent statements. Defendant offers Defendant's Instruction 1 as an alternative, which is a modification of Seventh Circuit Pattern Instruction 1.14 and Illinois Pattern Instruction (IPI) 3.01. Plaintiff objects to Defendant's Instruction 1. The Court sees no need to deviate from Seventh Circuit Pattern Instruction 1.14, which accurately states the law in this Court. Therefore, the Court refuses Defendant's Instruction 1. Defendant's objection to Plaintiff's Instruction 1 is overruled. Plaintiff's Instruction 1 will be given.

Defendant objects to Plaintiff's Instruction 2, an issues instruction, and offers Defendant's Instruction 2 as an alternative. According to the Defendant, the Final Pre-Trial Order (d/e 34) precludes Plaintiff from pursuing Eighth Amendment claims in Counts III and IV. In the pretrial order, the parties described the nature of the action as follows: "Plaintiff alleges defendant Cripe arranged a search of plaintiff's cell and denied plaintiff diet trays in retaliation for plaintiff filing grievances regarding defendant Cripe's conduct and in violation of plaintiff's right to equal

protection." Final Pre-Trial Order, p. 1. Plaintiff asserts that his Complaint (d/e 1) clearly alleges Eighth Amendment violations and that Defendant has acknowledged these allegations in subsequent pleadings. Therefore, Plaintiff contends that Defendant is not prejudiced by the inclusion of an Eighth Amendment claim in Plaintiff's Instruction 2. Under Local Rule16.1(F)(9), however, "[a]ny issue not contained in the final pretrial order will not be tried." See also Fed. R. Civ. P. 16(e) (stating that the final pretrial order controls the course of the action). The Final Pre-trial Order in the instant case makes no mention of Eighth Amendment claims. Therefore, Defendant's objection to Plaintiff's Instruction 2 is allowed, and Plaintiff's Instruction 2 is refused. Plaintiff's objection to Defendant's Instruction 2 is overruled. Defendant's Instruction 2 will be given.

Defendant objects to Plaintiff's Instruction 3, the Count I elements instruction, and offers Defendant's Instruction 3 as an alternative.[1] Defendant, relying on Hale v. Scott, asserts that Plaintiff's Instruction 3, a modified version of Seventh Circuit Pattern Instruction 6.02, erroneously fails to inform the jury that the filing of an untrue grievance does not

---

[1] The Court notes that Defendant combines the elements instructions for all four counts into Defendant's Instruction 3. This is overly confusing for the jury, and the Court rejects this instruction on this basis as well as for the reasons set forth in the remainder of this opinion.

constitute constitutionally-protected conduct.  Hale, 371 F.3d 917 (7th Cir. 2004).  A review of the record leads the Court to conclude that Hale is inapposite to the instant case.  Defendant has also proffered Defendant's Instruction 4 on the issue of retaliation.  Plaintiff objects to Defendant's Instruction 4 as an inaccurate statement of the law.  The Court agrees that Defendant's Instruction 4 is overstated.  None of the cases cited by Defendant require Plaintiff to prove that the allegations in his grievances were in fact true.  The Seventh Circuit has expressly recognized that "[a] prisoner has less freedom of speech than a free person, but less is not zero . . . ." Hasan v. United States Dept. of Labor, 400 F.3d 1001, 1006 (7th Cir. 2005).  The truth of the allegations contained in a grievance comes into play when a defendant asserts that he punished a prisoner not because he exercised his right to free speech but because his accusation was a lie.  Id. Based on the evidence presented at summary judgment, the Court does not anticipate that the evidence will show that Plaintiff's grievances contained libelous information unrelated to the subject of the grievance or were baseless or that Defendant's alleged conduct was punishment for false accusations rather than retaliation for exercise of First Amendment rights.  Thus, Defendant's Instructions 3 and 4 are refused.  However, in

the event that the evidence adduced at trial could support a finding that Plaintiff's grievances were libelous or baseless or that Defendant's alleged conduct was reasonably related to the legitimate penological interest of punishing Plaintiff for making false accusations, Defendant is granted leave to revisit the issue and to resubmit an elements instruction for Count I that encompasses this issue.  Plaintiff's Instruction 3 is also rejected, however, due to typographical error and the fact that it fails to address causation.  The Court has drafted an elements instruction for Count I, Court's Instruction 2, which will be given.

    Defendant objects to Plaintiff's Instruction 4 on the same grounds as he did to Plaintiff's Instruction 3 and proffers Defendant's Instruction 3 as a substitute.  For the reasons set forth above, Defendant's Instruction 3 is refused on this basis as well, and Plaintiff's Instruction 4 is also rejected.  The Court has drafted an elements instruction for Count II, Court's Instruction 3, which will be given.

    Defendant objects to Plaintiff's Instruction 5, the Count III and IV elements instruction on the Eighth Amendment claims.  As set forth above, Plaintiff's Eighth Amendment claims are no longer viable.  Thus,

Defendant's objection to Plaintiff's Instruction 5 is sustained and Plaintiff's Instruction 5 is refused.

Defendant objects to Plaintiff's Instruction 6, asserting that Defendant's Instruction 3 more fully and fairly states the applicable law as it relates to the equal protection claims in Counts III and IV.  Again, the Court refuses Defendant's Instruction 3 for the reasons stated above.  Plaintiff's Instruction 6 is also refused, because it fails to address causation.  The Court also believes that, for clarity, it is appropriate to provide separate elements instructions for Count III and IV, rather than combining them.  Thus, the Court has prepared Court's Instructions 4 and 5, which will be given.

Defendant objects to Plaintiff's Instruction 7, which offers a definition for the term "deliberately indifferent."  As Defendant correctly notes, the term deliberately indifferent is used in Plaintiff's Instruction 5, which has been refused.  There is now no reason to include the proffered definition.  Defendant's objection to Plaintiff's Instruction 7 is sustained and Plaintiff's Instruction 7 is refused.

Defendant objects to Plaintiff's Instruction 8, a punitive damages instruction based on Seventh Circuit Pattern Instruction 7.24, as an

incorrect statement of the law and proffers Defendant's Instruction 5 as a substitute. Plaintiff objects to Defendant's Instruction 5, a punitive damages instruction based on Seventh Circuit Pattern Instruction 3.13, as an incorrect statement of the law as it relates to this case. Defendant fails to establish that Seventh Circuit Pattern Instruction 3.13, which is designed for use in employment discrimination cases, is more appropriate than Seventh Circuit Pattern Instruction 7.24, which is specifically designed for use in 42 U.S.C. § 1983 cases. Defendant's Instruction 5 is, therefore, refused. The Court finds that the language of Seventh Circuit Pattern Instruction 7.24 is appropriate in this §1983 action. However, Plaintiff's Instruction 8 includes optional, bracketed language from Seventh Circuit Pattern Instruction 7.24 relating to Defendant's financial condition. It is clear from the committee comments to Seventh Circuit Pattern Instruction 7.24 that this language should not be included unless evidence concerning Defendant's financial condition is presented. Given the exhibit lists, the Court does not anticipate that such evidence will be presented. Thus, Plaintiff's Instruction 8 is refused. The Court has prepared Court's Instruction 6 which mirrors the language of Plaintiff's Instruction 8 but omits the reference to Defendant's financial condition. Court's Instruction 6 will be given; however, in the event

that evidence concerning Defendant's financial condition is admitted, Plaintiff is granted leave to resubmit Plaintiff's Instruction 8.

Plaintiff proffered eight verdict forms.  Defendant fails to comment on the verdict forms.  However, given the Court's ruling with respect to Plaintiff's Eighth Amendment claims, the verdict forms must be revised.  For consistency and clarity, the Court has revised the verdict forms, which are submitted as Court's Instructions 7 through 10.  These will be given.

Finally, the Court notes that the parties have failed to proffer instructions regarding the selection of a presiding juror or communication with the Court during deliberation.  The Court believes that such instructions are necessary and has prepared Court's Instruction 11, based on Seventh Circuit Pattern Instruction 1.32, and Court's Instruction 12, based on Seventh Circuit Pattern Instruction 1.33.  The Court also believes 7th Circuit Pattern Instruction 1.34 concerning "deadlock" should be given and is marked as Court's Instruction 13.  These instructions will be given.

THEREFORE, Plaintiff's Objections to Defendant's Proposed Jury Instructions (d/e 57) and Defendant's Objections to Plaintiff's Proposed Jury Instructions (d/e 58) are SUSTAINED, in part, and OVERRULED, in part . The following instructions will be given: Agreed Instructions 1, 3 through 5, 7

through 13, and 16 through 20; Defendant's Instructions 2, 14, and 15; Plaintiff's Instruction 1, and Court's Instructions 1 through 13. All other proffered instructions are refused, as are Plaintiff's Verdict Forms.

IT IS THEREFORE SO ORDERED.

ENTER:   October 1, 2008

        FOR THE COURT:

                *s/ Byron G. Cudmore*
                _____
                BYRON G. CUDMORE
                UNITED STATE MAGISTRATE JUDGE